# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CRIMINAL CASE NO. 08-49-DLB-CJS**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**v.**                       **REPORT AND RECOMMENDATION**

**JEFFREY SULLIVAN**                                                                     **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On September 7, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Reports that Defendant Jeffrey Sullivan had violated conditions of his supervised release. Defendant was present in Court and represented by court-appointed counsel Steven Howe, and the Government was represented by Assistant United States Attorney Anthony Bracke. U.S. Probation Officer Specialist Shawn P. Donoho was also present for this proceeding.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, counsel informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to the violations alleged in the August 30, 2017 Supervised Release Violation Report (R. 483) and August 31, 2017 Addendum to Supervised Release Violation Report (R. 494), and waive his right to allocute before District Judge Bunning and his right to appeal any sentence imposed by Judge Bunning. In exchange, the Government agreed to recommend a term of incarceration of 20 months with no new term of supervision to follow.

Upon consideration, the parties' agreement is an appropriate proposed disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to a 20-month term of imprisonment with no supervised release to follow.

I.  **Procedural Background**

Defendant pleaded guilty in this matter to one count of conspiracy to distribute cocaine base and one forfeiture count. (R. 130). On March 3, 2011, District Judge Bunning sentenced Defendant to a total term of imprisonment of 84 months with an 8-year term of supervised release to follow. (R. 347; R. 349). On December 24, 2014, Defendant was released to begin his 8-year term of supervision. (R. 458).

On January 16, 2015, Defendant was stopped by police officers while operating his motor vehicle and cited for improper lane change, child restraint violation and possession of less than 2 ounces of marijuana. (R. 414). Defendant timely reported the incident to his Probation Officer, Shawn P. Donoho, who reported the violation to District Judge Bunning and recommended no action at that time as the charges were pending, but noting he would report back with further recommendations. (*Id.*). Judge Bunning adopted Officer Donoho's recommendation. (*Id.*). Probation Officer Donoho later reported to Judge Bunning that the charges had been dismissed and that Defendant told him that his sister, a passenger in the vehicle, claimed ownership of the marijuana. (R. 416). Officer Donoho recommended no further action, and Judge Bunning concurred. (*Id.*).

On October 7, 2015, Probation Officer Donoho reported to District Judge Bunning that Defendant had submitted urine specimens on August 12, 2015, August 28, 2015, September 1, 2015, September 8, 2015, and September 14, 2015, that all tested positive for marijuana. (R. 449).

Defendant initially claimed to have smoked marijuana once, on or about August 11, 2015, but an interpretation report from Alere Toxicology indicated that Defendant is believed to have reused marijuana prior to the collection on August 28, 2015. Officer Donoho reported to Judge Bunning that Defendant was attending weekly group treatment at IKRON Inc., submitting to weekly random urine screens and was working towards getting his license as a barber. (*Id.*). Officer Donoho recommended Defendant remain on supervised release pursuant to the exception to revocation clause, which Judge Bunning agreed to adopt, finding Defendant could benefit from continued substance abuse treatment. (*Id.*).[1]

On March 10, 2016, Defendant appeared in Court on charges he violated his supervision (R. 457), as set forth in Officer Donoho's March 4, 2016, Supervised Release Violation Report (R. 458). That report indicated that Defendant's recent supervision circumstances had led Officer Donoho to believe Defendant had violated conditions requiring that he not associate with convicted felons or persons engaged in criminal activity absent permission from Probation, that he notify Probation within 72 hours of being arrested or questioned by law enforcement, and that he refrain from possessing or using controlled substances unless prescribed to him by a physician. (*Id.*). Specifically, Defendant was stopped by Cincinnati Police on February 7, 2016, and the Probation Office learned that one of the individuals in Defendant's vehicle was an individual who had been convicted of a felony. Defendant had also failed to timely report this encounter with the Cincinnati Police to the Probation Office. Finally, a urinalysis performed on Defendant's February 16, 2016, specimen was reported as dilute and positive for marijuana.

---

[1] Although this report (R. 449) indicated Defendant would be sent to treatment, Officer Donoho testified at a subsequent revocation hearing and status conference that Defendant was not in fact placed in treatment, but that treatment had been offered to him.

Defendant appeared before the Court on March 25, 2016, at which time a contested final revocation hearing was conducted as to these charges (R. 463). The Court thereafter held a status conference on May 5, 2016, to clarify and update the record since the March 25, 2016 final hearing. (R. 469). On May 23, 2016, the undersigned found that Defendant had violated the terms of his supervised release as reported in Violations 1, 2 and 3 of the March 4, 2016 Supervised Release Violation Report. (R. 474). But rather than revoke Defendant's supervision, the undersigned recommended that his supervision be modified to require that he serve 14 weekends of intermittent confinement and be required to attend a substance abuse treatment program regardless of whether Defendant thinks it is necessary. (*Id.*). On June 8, 2016, Judge Bunning adopted the Report and Recommendation and modified Defendant's terms and conditions of supervision accordingly. (R. 476).

On June 30, 2017 Defendant was involved in an auto accident on I-75 in Cincinnati and responding officers cited him for failing to maintain an assured clear distance. In addition, upon detecting a smell of marijuana at the scene, subsequent search of Defendant's vehicle revealed a small bag of marijuana, prompting a further citation for possession of drugs. (R. 477). Defendant reported the incident to Officer Donoho, who reported the violation to Judge Bunning and recommended no action at that time as the charges were pending. (*Id.*). Judge Bunning adopted Officer Donoho's recommendation. (*Id.*). Probation Officer Donoho later reported to Judge Bunning that the drug possession charge had been dismissed and the assured clear distance conviction resulted in a fine and court costs. (R. 478). Officer Donoho recommended no further action and Judge Bunning concurred. (*Id.*).

On August 25, 2017, Officer Donoho petitioned for Defendant to appear before the Court regarding further alleged violations of his supervision. (R. 479). Defendant subsequently initially appeared on August 30, 2017. (R. 482). The charged violations were presented to the Court via the Probation Officer's August 30, 2017 Supervised Release Violation Report. (R. 483). The violation charges were reviewed with Mr. Sullivan, the potential penalties were explained, and a final revocation hearing was scheduled. (R. 482). It was further explained to Mr. Sullivan that, in light of his admission to marijuana use, consistent with the practices of this Court his violation charges would be updated to provide for a new law violation for being in possession of marijuana. The case was called for final revocation hearing on September 7, 2017, at which time Officer Donoho's August 31 Addendum formally adding that new law violation was reviewed with Defendant. (R. 492). Thereafter, as noted above, counsel informed the Court that the parties had reached an agreement: Mr. Sullivan was prepared to admit to the violations, with the exception of the charge he unlawfully used oxycodone, and the parties agreed on a recommended sentence of 20 months of incarceration with no new term of supervision to follow.

At the final hearing, the undersigned reviewed with Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Sentencing Guidelines range. The undersigned further explained that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to the alleged violations set forth in the August 30 and 31, 2017 Violation Reports, with the exception of unlawful use of oxycodone. Specifically, Mr. Sullivan admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1:** The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release. (Grade C violation)
>
> **Violation No. 2:** The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, as determined by the court. (Grade C violation)
>
> **Violation No. 3:** The defendant shall not commit another federal, state or local crime. (Grade B violation)

On August 25, 2017, Defendant reported to the Probation Office for drug testing. At that time he was found to be in possession of a phallic-shaped urine testing device containing clear liquid. Defendant admitted to Officer Donoho that he had obtained the device in order to tamper with the urine test. Defendant thereafter provided a specimen of his own urine and admitted to Officer Donoho that the specimen would be positive for marijuana.

Laboratory testing reported the specimen was positive for marijuana and oxycodone. Defendant admitted that he had used marijuana and ingested oxycodone. Defendant indicated he had a lawful prescription for oxycodone, and Christ Hospital Emergency Room records produced at the final hearing substantiate that at an August 17, 2017, emergency room visit for eye problems, he was prescribed oxycodone-acetaminophen (percocet). In light of this corroborating evidence from Christ Hospital, the United States agreed to move to dismiss that portion of Violation No. 2 charging unlawful use of oxycodone.

Under Sixth Circuit precedent, Defendant's admitted use of marijuana also means that he was in possession of this Schedule I controlled substance. *United States v. Crace,* 207 F.3d 833, 836 (6th Cir. 2000). Given Defendant's criminal history of prior drug convictions, his conduct of possessing marijuana violated federal law, 21 U.S.C. § 844(a).

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily. Therefore, based on Defendant's admissions to these violations, the undersigned finds and will recommend that the District Judge find that Mr. Sullivan has violated conditions of his supervised release as charged.

**II.    Sentencing**

Defendant having admitted to violating his supervised release, the question of appropriate sanctions for the violations is presented. The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable policy statements in the Sentencing Guidelines, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[2] must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 60 months, his underlying offense being a Class A felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4 of the Sentencing Guidelines suggests a revocation range of imprisonment of 18 to 24 months, based upon Defendant's criminal history category of V and his highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that

---

[2] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is unlimited, Defendant having been convicted of an offense under 21 U.S.C. § 841. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 20 months of incarceration with no supervised release to follow. Defendant has also waived his right to allocute and his right to appeal. (*See* R. 493). The undersigned agrees that under the circumstances presented, the recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. The Government pointed out that a sentence of 20 months, while not the low end of the Guidelines, is appropriate because, although Mr. Sullivan accepted responsibility for his conduct, this is his second violation proceeding and he is also receiving the benefit of no supervision to follow. Defendant, by and through counsel, acknowledged that, although he feels there were mitigating circumstances to his poor choices that would support a lesser sanction for the violations, a term of 20 months with no supervision to follow is a fair compromise. Probation Officer Donoho confirmed that the U.S. Probation Office is in agreement with the parties' recommended term of incarceration, as well as the recommendation of no supervision to follow. In light of the circumstances, the undersigned accepts the parties' proposed penalties and will recommend same to Judge Bunning in this Report and Recommendation.

Lastly, Defendant has requested that the Court recommend he be placed at a facility close to his home in Cincinnati if possible. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf.

### III. Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1. The Government's oral motion to dismiss that portion of Violation No. 2 set forth in the August 30, 2017 Violation Report (R. 483) charging that Defendant unlawfully consumed oxycodone be **granted;**

2. With the exception of the unlawful use of oxycodone charge to be dismissed, Defendant **JEFFERY SULLIVAN** otherwise be found to have **violated** the terms of his supervised release as set forth in the August 30, 2017 Violation Report (R. 483) and August 31, 2017 Addendum (R. 494);

3. Defendant's supervised release be **revoked;**

4. Defendant be sentenced to the custody of the Attorney General for a **term of incarceration of 20 months,** credit to be given for time served since his detention on the violation charges, **with no supervised release to follow;** and

5. Defendant's sentence, if possible, be served at a federal facility close to Defendant's home in Cincinnati, Ohio.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Signed this 4th day of December, 2017.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\08-49-DLB Sullivan 2nd R&R.wpd